**Leonel GUTIERREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00453–CR.**

Court of Appeals of Texas,
San Antonio.

Dec. 31, 1985.

Alfredo Tavera, San Antonio, for appellant.

Thomas F. Lee, Dist. Atty., Del Rio, for appellee.

Before CADENA, C.J., and TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a conviction for burglary of a habitation. TEX.PENAL CODE § 30.02(a)(1). The jury found appel-

lant guilty as charged and also found the enhancement paragraphs alleging three prior felony convictions to be true. The punishment assessed was imprisonment for life.

Appellant's question on the sufficiency of the evidence requires a summary of the facts. Officer Salas testified that he first saw appellant in the company of Raul Gutierrez and Jesus Villegas in the early morning hours of December 22, 1983. He said appellant was acting suspiciously and was placed under surveillance. Appellant and his two companions departed from the vicinity of Rick's Lounge in his maroon Ford Galaxy automobile. The same automobile was seen parked one block from the burglarized premises at about 3:00 a.m. At about 4:30 a.m. Officer Paniagua saw Raul Gutierrez and Jesus Villegas walking near the house where the burglary occurred; he particularly noticed that Gutierrez had a handkerchief wrapped around his hand and that Villegas had blood on his collar. The officer stated that he saw appellant's automobile stop and that he saw Raul Gutierrez and Jesus Villegas get into the vehicle. Subsequently, the automobile was stopped for speeding and appellant was found in the back seat beside some stereo equipment. Appellant and his two companions voluntarily proceeded to police headquarters with the officer for interrogation. It is conceded that appellant voluntarily signed a consent to search form. The officers thereafter seized jewelry, clothing and the stereo equipment from appellant's automobile. Appellant claimed that the stereo equipment was his property.

The burglary was reported the following day and the officer found a broken window and blood stains on the door frame. Jack Sanchez testified that he was the owner of the burglarized house and that he did not give anyone consent to break and enter into his house; he identified the jewelry and the stereo found in appellant's automobile as his property. The defense witness Raul Gutierrez, appellant's brother, testified that he borrowed appellant's automobile and left with Villegas. He further stated that Villegas told him where to stop,

went into a house, and came out with a television and a stereo, wearing a jacket which was later identified as one taken from the Sanchez residence.

The standard of review for a sufficiency of the evidence question requires that we determine, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1974); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim. App.1982). If the State's evidence supports an inference other than a finding of the essential elements of the crime, then no trier of fact could rationally find the accused guilty beyond a reasonable doubt, irrespective of the character of the evidence. *Freeman v. State*, 654 S.W.2d 450, 457 (Tex.Crim.App.1983) (opinion on State's Motion for Rehearing).

■ Texas courts have consistently held that recent unexplained possession of property taken in a burglary is sufficient to establish guilt and to support a conviction for burglary. *Thompson v. State*, 615 S.W.2d 760, 761 (Tex.Crim.App.1981); *Hester v. State*, 544 S.W.2d 129, 137 (Tex.Crim. App.1976). In this case appellant signed a consent form for a search of his vehicle. When confronted with the stereo, he claimed it was his property. The following day when the burglary was reported and investigated, the owner of the house identified the stereo as his property taken in the burglary. This evidence was admitted without objection from appellant. The defense witness Raul Gutierrez attempted to exonerate himself and appellant, but the jury apparently did not believe or accept his version of the facts. In addition to appellant's possession of stolen property, there was testimony regarding appellant's suspicious behavior in the vicinity of the burglary. We therefore conclude that the record reflects direct and circumstantial evidence sufficient to exclude every reasonable hypothesis except the guilt of appel-

lant. The first ground of error is overruled.

◼ We next address appellant's contention that he was denied effective assistance of counsel. He alleges that counsel failed to investigate the case and failed to object to the admission of improper reputation testimony. Under the new standard of review on this question, appellant had the burden to show the existence of a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

◼ Appellant's first complaint in this regard is that he told counsel's investigator of the existence of two witnesses who could have testified as to an alibi at a hearing on the motion for new trial. Counsel's investigator visited appellant at the jail, and counsel discussed the case with appellant one day before trial. Alma Rodriguez testified that appellant visited her at 2:30 a.m. Nieves Flores stated that he helped appellant get some gas at approximately 3:00 a.m. on the 23rd of December. The record shows that the officer stopped appellant's vehicle at about 4:00 a.m. and appellant was in possession of the recently stolen property. The failure to subpoena witnesses does not constitute ineffective assistance of counsel without a showing that the witnesses were available and *that their testimony would have benefited appellant. King v. State*, 649 S.W.2d 42, 44 (Tex.Crim.App.1983).

◼ Generally, defense counsel's failure to object to certain improper evidence is not by itself an indication of ineffective assistance of counsel. *Weathersby v. State*, 627 S.W.2d 729, 730 (Tex.Crim.App.1982); *Cude v. State*, 588 S.W.2d 895, 897 (Tex.Crim.App.1979); *Long v. State*, 502 S.W.2d 139, 141 (Tex.Crim.App.1973).

We have considered the whole representation and conclude that appellant has not shown that but for counsel's unprofessional representation the results would have been different. Appellant's second ground of error is, therefore, overruled.

The judgment of the trial court is affirmed.