**Juan TREVINO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–89–00191–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 29, 1989.

David O. Gonzalez, Erck & Wright, Alice, for appellant.

Richard C. Terrell, Dist. Atty., Alice, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

Appellant was convicted by a jury of the offense of indecency with a child after pleading not guilty. Punishment was assessed by the jury at ten years imprisonment. In three points of error, appellant contends that: (1) prosecutorial misconduct resulted in deprivation of fundamental fairness and due process for the appellant; (2) there was insufficient evidence to convict the appellant and (3) appellant received ineffective assistance of counsel. We affirm the trial court's judgment.

Appellant was indicted for the offense of indecency with a child pursuant to Tex.Penal Code Ann. § 21.11 (Vernon 1989), which provides in relevant part:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

 (1) engages in sexual conduct with the child; ....

Sexual contact is defined by § 21.01 as:

(2) ... any touching of the anus, breast or any part of the genitals of another person with intent to arouse or gratify the sexual desire of any person.

The indictment provides, in relevant part, that the appellant:

... did then and there unlawfully, with the intent to arouse and gratify the sexual desire of [the appellant], engage in sexual contact by *touching the anus* of [the victim], a child younger than 17

years and not the spouse of the [appellant]. (emphasis added)

## Prosecutorial Misconduct

In his first point of error, appellant argues that prosecutorial misconduct resulted in the deprivation of fundamental fairness and due process for the appellant. Appellant argues that error was committed in that: (1) the State was allowed to ask leading questions of the victim; (2) a written statement was improperly admitted which bolstered the testimony of the victim; (3) the victim's school teacher was allowed to testify as an expert in child abuse although she was never qualified by the trial court to testify as an expert; and (4) the State improperly recanted a statement made by the victim to a doctor, as reflected in the doctor's notes. We find no merit in appellant's contentions and overrule his first point of error.

■ "The asking of leading questions is seldom a ground for reversal (especially where a child is testifying.)" *Uhl v. State,* 479 S.W.2d 55, 57 (Tex.Crim.App.1972). The decision whether to allow a witness to answer a leading question is within the discretion of the trial court. *Hernandez v. State,* 643 S.W.2d 397, 400 (Tex.Crim.App. 1982) (en banc), *cert. denied,* 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). Moreover, leading questions may be permitted when the witness has difficulty in understanding the English language. *Id.*

The record discloses that the victim was approximately 15 years old at the time of trial. Further, there is evidence that the victim attended special education classes and had some difficulty communicating in English. Additionally, there was evidence that one of the victim's learning difficulties was with memory recall. Finally, substantially the same testimony that was elicited through leading questions was obtained from the victim by appellant's counsel on cross-examination. The appellant was not prejudiced as a result of the leading questions. *See Hernandez v. State,* 643 S.W.2d at 400–01 (holding that allowing leading questions under similar circumstances was

not error) (citations omitted). Appellant has failed to show any abuse of discretion.

Next, appellant contends that prosecutorial misconduct resulted when a written statement was improperly admitted which bolstered the testimony of the victim. However, there was no objection by appellant's counsel when the statement was offered into evidence. As a result, no error is preserved. *Cisneros v. State,* 692 S.W.2d 78, 82 (Tex.Crim.App.1985) (en banc).

■ Finally, prosecutorial misconduct is alleged in that the victim's school teacher was allowed to testify as an expert in child abuse although she was never qualified by the trial court to testify as an expert. "Whether a witness offered as an expert possesses the required qualifications is a question which rests largely with the discretion of the trial court, and the decision to admit or exclude the proposed opinion testimony will not be disturbed unless a clear abuse of discretion is shown." *Steve v. State,* 614 S.W.2d 137, 139 (Tex.Crim. App.1981) (citation omitted). The special knowledge which qualifies a witness to give an expert opinion may be achieved through a study of technical works, or specialized education, or practical experience, or any combination thereof. *Halloway v. State,* 613 S.W.2d 497, 501 (Tex.Crim.App. 1981). The school teacher testified that she had graduated from Texas A & I with a degree in education in art and had received several certifications in the special education department. As part of the special education courses at A & I, she was trained to look for behavior patterns. While working for the Alice Independent School District, furthermore, she participated in a workshop in detecting child abuse through different behavior patterns. She was certified to work in the special education department, certified to work with retarded, emotionally disturbed and learning disabled children. She was also certified as a supervisor in special education. She testified that her assessment of an abused child was based on her training, education, on the job experience and confession by the victim. We find no

abuse of discretion in the record. *See Steve v. State*, 614 S.W.2d at 137. (where expert had received a degree in psychology and sociology, had engaged in continuing education and had gained experience through her employment on evaluating physically and sexually abused children, no abuse of discretion was found).

■ Finally, appellant complains that the State improperly recanted a statement made by the victim to a doctor, as reflected in the doctor's notes. Appellant essentially objects to the following questions by the prosecutor on cross-examination of the doctor:

> Q. I've got a copy of the report and I think this is a copy that was sent to the district attorney's office and I want to approach you briefly and show you—it says, medical report, alleged sexual assault at the top. Do you have that in your personal records, Doctor Pinkley?
>
> A. Yes, I do.
>
> Q. If I could get you to make references to that. And about the middle part of the page it says: 13 year old male states that Juan Trevino (35 y.o.), I assume that means years old male, close parenthesis, on numerous occasions over the past nine months invited Aaron over to his residence. Initial encounters resulted in Mr. Trevino fondling Aaron's genitals or genital and later on 15 or 20 encounters Aaron says Mr. Trevino put his penis in Aaron's rectum/anus including ejaculation. Were those Aaron's words?

Prior to this questioning by the prosecutor on cross-examination, the following line of questioning took place in direct examination of the doctor by appellant's counsel:

> Q. And the examination of the stool. Why did you want to examine the stool?
>
> A. In the original history that the patient related, he related that within the past two days he had rectal intercourse with the accused individual. That the accused individual had placed his penis in the juvenile's rectum and had reached an orgasm, and it is possible for sperm to live 24–48 hours in that environment and that was the reason. Subsequent to

that, the juvenile changed his story to it being two weeks ago as to the last intercourse.

It is evident that the line of questioning by the prosecutor merely reiterated the acts of rectal intercourse already established in appellant's questioning of the doctor. "Generally, when a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, he may not complain on appeal." *Withers v. State*, 642 S.W.2d 486, 487 (Tex.Crim.App.1982) (en banc) (citation omitted).

Moreover, no objection was made to the questioning by the prosecutor. Therefore, no error is preserved. *Cisneros v. State*, 692 S.W.2d at 82. We find no evidence of prosecutorial misconduct and overrule appellant's first point of error.

### Sufficiency of the Evidence

■ In his second point of error, appellant contends that there was insufficient evidence presented by the state to convict the appellant in that there was no evidence of a touching of the victim's anus by the appellant. Having particularly alleged "touching the anus," the State was required to prove a touching of the anus to satisfy the burden of proof undertaken. *Lujan v. State*, 626 S.W.2d 854, 858 (Tex. App.—San Antonio 1981, pet. ref'd).

The evidence shows that the victim met the appellant in 1986 or 1987. The victim started living in the appellant's house and sleeping in the same bed with the appellant. On several occasions, the appellant forced the victim to turn around so that the appellant could insert his penis into the victim's anus. There was evidence that the appellant inserted his penis all the way in victim's anus, pumped and ejaculated. The evidence further showed that this occurred five or six times.

Nevertheless, appellant argues that the evidence presented to show a touching of the victim's anus "suggests that there was actual penetration and ejaculation [by the appellant] and not a mere touching." We disagree. Penetration by the appellant's

penis is an indication of touching by the appellant. While "touching" does not necessarily include "penetration," we have no difficulty in finding that "penetration" does include "touching." We hold that there is sufficient evidence of "touching" of the victim's anus. We accordingly overrule appellant's second point of error.

### Ineffective Assistance of Counsel

In his third point of error, the appellant argues that he received ineffective assistance of counsel in that trial counsel failed to object to the state's leading questions of the victim, failed to object to the introduction of the victim's statement into evidence, and failed to object to the alleged child abuse expert, the victim's school teacher, when the school teacher did not have the credentials to testify as an expert in the area of child abuse. To this argument, the State simply states that "the appellant was not denied effective assistance of counsel," without providing argument or authority. Nevertheless, we overrule appellant's third point of error.

In reviewing a claim that trial counsel's assistance was so defective as to require reversal, we must apply the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App.1986) (en banc); *Alvarado v. State*, 775 S.W.2d 851 (Tex.App.—San Antonio 1989, pet. ref'd). First of all, appellant must show that trial counsel's representation fell below an objective standard of reasonableness. Second, he must show that this deficient performance prejudiced the defense. To demonstrate prejudice, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. Moreover, the appellant must overcome the presumption that under the circumstances the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

Appellant first argues that ineffective assistance of counsel is shown in trial counsel's failure to object to the state's leading questions of the victim. We note that we found no merit to similar contentions in appellant's first point of error above. Therefore, we do not find that such alleged error supports appellant's argument.

█ Next, appellant argues that ineffective assistance is shown by trial counsel's failure to object to the introduction of the victim's statement into evidence. Again, we have addressed this argument in appellant's first point of error above. Moreover, we are unable to say that appellant has overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 104 S.Ct. at 2065–66. It is apparent from the record that trial counsel allowed the statement to be admitted to show conflicts between the victim's oral testimony and the victim's written statement. Several conflicts were referred to by appellant's trial counsel both during cross-examination of the victim and during closing argument. As a result, we find that such argument does not support appellant's claims of ineffective assistance.

Appellant also contends that ineffective assistance was shown by his trial counsel's failure to object to the alleged child abuse expert's lack of credentials. Again, we have addressed this issue in appellant's first point of error, where we found no abuse of discretion by the trial court in allowing the teacher to testify as an expert in child abuse.

Nevertheless, appellant has failed to sustain his burden of showing that "there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068; *Gutierrez v. State*, 702 S.W.2d 745, 747 (Tex.App.—San Antonio 1985, no pet.).

Appellant's third point of error is overruled.

The decision of the trial court is affirmed.