976 S.W.2d 260 (1998)
In the Matter of J.A.W., a Juvenile.
No. 04-97-00322-CV.
Court of Appeals of Texas, San Antonio.
June 30, 1998.
*261 John Paul Young, San Antonio, for Appellant.
Enrico B. Valdez, Asst. Crim. Dist. Atty., San Antonio, for Appellee.
Before HARDBERGER, C.J., and RICKHOFF and ANGELINI, JJ.

OPINION
ANGELINI, Justice.
A jury found that J.A.W., a fourteen year-old juvenile, engaged in delinquent conduct by committing two counts of aggravated sexual assault. See Tex. Pen.Code Ann. § 22.021 (Vernon Supp.1998). Following a disposition hearing, the court entered a determinate sentence of thirty years. In his first issue presented, J.A.W. contends that the court erred in granting the State's motion to use leading questions during direct examination of F.C., the sixteen year-old complainant. The second issue asserts that the court erred in denying a request for an instruction on the lesser included offense of sexual assault. J.A.W. argues in his third issue that the court erred in reviewing his juvenile detention file during disposition. We affirm the judgment of the trial court.

*262 Factual Background
J.A.W., F.C., and two other juveniles left school and began walking through some woods. J.A.W. punched F.C. in the face, knocking him to the ground. The blow made F.C. briefly lose consciousness. When he regained consciousness, J.A.W. was hovering over him and preparing to insert his penis in F.C.'s mouth. According to F.C., J.A.W. said "suck my penis" and threatened to blow up his house if he told anyone. J.A.W. proceeded to put his penis in F.C.'s mouth. F.C. was crying and saying no. Then, J.A.W. forced F.C. to stand up and remove his pants. He then penetrated F.C.'s anus. The two witnesses testified that they told J.A.W. to stop but he threatened to beat them up. Their testimony corroborated F.C.'s testimony.

Leading Questions
In his first issue presented, J.A.W. argues that the court erred in permitting leading questions during the examination of F.C. During the direct examination of F.C., defense counsel objected on the basis that the prosecutor was asking leading questions. Many of these objections were sustained. In the middle of F.C.'s testimony, the State called his mother as a witness to demonstrate the need for using leading questions with F.C. She testified that F.C. was enrolled in special education classes and had learning and emotional disabilities. She also states he suffered from attention deficit disorder and was apt to answer questions with short answers and without thinking. Further, according to F.C.'s mother, F.C. has a stuttering problem and becomes nervous and embarrassed when discussing the sexual assault. His mother also testified that he functioned at the fourth grade level. At this point, the court, upon the State's motion, allowed the prosecutor to ask F.C. leading questions.
The Texas Rules of Criminal Evidence apply during a juvenile adjudication hearing. Tex. Fam.Code Ann. § 51.17(c) (Vernon 1996).[1] Rule 610(c) states that "leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony." Tex.R.Crim. Evid. 610(c). The decision whether to allow a witness to answer leading questions is within the discretion of the trial court. Hernandez v. State, 643 S.W.2d 397, 400 (Tex.Crim.App.1982) (en banc), cert. denied, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983); Trevino v. State, 783 S.W.2d 731, 733 (Tex.App.San Antonio 1989, no writ).
J.A.W. argues that F.C., who is sixteen years old, is not a child of tender years. However, a child of tender years is not the only type of witness that a court might permit to be asked leading questions. In Trevino, a fifteen year old boy, who attended special education classes and had learning difficulties was permitted to answer leading questions. Trevino, 783 S.W.2d at 733. This court found that the trial court did not abuse its discretion in allowing the use of leading questions for this witness. Further, this court found that because the same testimony elicited by leading questions was also obtained by cross-examination, the appellant was not prejudiced as a result of the leading questions. Id.
Because F.C. attends special education classes and has learning difficulties, the court had discretion to allow leading questions in order to develop his testimony. Further, the details of the sexual assault were not elicited by leading questions. Leading questions were used on re-direct to clear up issues brought up during cross-examination. The two witnesses also testified and corroborated much of F.C's testimony. Thus, we also find that J.A.W. was not prejudiced as a result of the use of leading questions. We overrule the first issue presented.

Lesser Included Offense
In his second issue, J.A.W. argues that the court abused its discretion by denying J.A.W.'s request for the lesser included *263 instruction of sexual assault of a child. In order to be entitled to a charge on a lesser included offense, the defendant must show (1) that the lesser offense is included within the proof of the offense charged and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 673 (Tex.Crim.App.1993).
In this case, the State alleged in its petition that J.A.W. intentionally and knowingly caused the penetration of the anus of a child and caused the penetration of the mouth of a child by a sexual organ. TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(i),(ii) (Vernon Supp.1998). Further, the State alleged that the sexual assault was aggravated "by acts or words which places the victim in fear that death, serious bodily injury, or kidnapping will be imminently inflicted on any person." Id. § 22.021(2)(A)(ii). Sexual assault of a child occurs when an actor intentionally and knowingly causes the penetration of the anus of a child or causes the penetration of the mouth of a child by the sexual organ of the actor. Id. § 22.011(a)(2)(A), (B). The State concedes that sexual assault is a lesser included offense of aggravated sexual assault. The difference between aggravated sexual assault and sexual assault relates to what caused the victim to submit to the assailant's demands. See Love v. State, 730 S.W.2d 385, 399 (Tex. App.Fort Worth 1987, no writ).
J.A.W. urges that the alleged aggravating factors were threats made of serious bodily injury. J.A.W. alleges that the evidence is disputed as to whether the threats were communicated at the time of the assault or at a later time to discourage F.C. from reporting the incident. F.C. testified that at the time of the assault J.A.W. threatened to blow up his house if he told anyone. One of the witnesses testified that J.A.W. told F.C. after the assault that he would kill him if he told anyone. While this evidence tends to show a dispute about whether threats were made at the time of the assault, no evidence disputes the testimony that J.A.W. punched F.C. in the face, knocking him down to the ground. F.C. testified that during the assault he was afraid that J.A.W. would kill him or hurt him. He cried and pleaded for him to stop the assault. Witnesses testified that J.A.W. was a member of a gang and had assaulted other juveniles.
Thus, we find no evidence in the record that shows that F.C. submitted to J.A.W.'s demands for any reason other than J.A.W.'s acts and words which placed him in fear of serious bodily injury. The jury could not have rationally found J.A.W., if guilty, was only guilty of sexual assault. Therefore, J.A.W. was not entitled to an instruction on the lesser included offense of sexual assault of a child. We overrule the second issue presented.

Juvenile Detention Report
J.A.W. alleges that the court violated article 36.02 of the Code of Criminal Procedure, section 54.04(b) of the Family Code and Rule 802 of the Texas Rules of Evidence by reviewing his juvenile detention report. After the close of evidence and arguments at the disposition hearing, the court asked the probation officer for the report from the detention facility where J.A.W. had been confined. Defense counsel objected to the court considering this report because the evidence had been closed and he had not had an opportunity to review the report. The court responded that the evidence was reopened sua sponte and granted a two-week recess for defense counsel to review the report. When the hearing continued, defense counsel renewed his objection that the court could not reopen the evidence based on article 36.02 of the Texas Code of Criminal Procedure.[2] The court stated that the information was needed to make a proper decision on disposition under section 54.04(b) of the Family Code. Defense counsel also objected to the file on the basis of hearsay.
Title 3 of the Juvenile Justice Code provides that the Texas Rules of Civil Procedure apply at an adjudication hearing, except *264 for the burden of proof borne by the State. Tex. Fam.Code Ann. § 51.17(a) (Vernon 1996). Further, the Texas Rules of Criminal Evidence and Chapter 38 of the Code of Criminal Procedure apply in a judicial proceeding under this title. Id. § 51.17(c). Thus, article 36.02 of the Code of Criminal Procedure is not applicable to a juvenile disposition hearing and the court could not have erred on that basis.
Rule 270 of the Texas Rules of Civil Procedure provides that "when it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." TEX.R. CIV. P 270. Thus, the court can consider additional evidence after final arguments if it serves the administration of justice. In this case, the detention report assisted the court in making an appropriate disposition and thus, it was necessary to the due administration of justice. The court stated that the detention report could be reviewed under section 54.04(b) of the Family Code which states:
At the disposition hearing, the juvenile court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. Prior to the disposition hearing, the court shall provide the attorney for the child with access to all written matter to be considered in disposition.
Tex. Fam.Code Ann. § 54.04(b) (Vernon 1996). In the Matter of A.F., the appellant objected to the admission of the probation officer's "social history" report at the disposition hearing. Matter of A.F., 895 S.W.2d 481, 484 (Tex.App.Austin 1995, no writ). The court noted that 54.04(b) placed no apparent limit on the nature or type of information that may be contained in the probation officer's reports. Id. at 485. Section 54.04(b) gives the judge latitude to consider all factors in deciding the appropriate disposition. Id. The Austin Court of Appeals found no authority limiting the content of reports envisioned by 54.04(b). Id.
Contrary to J.A.W.'s assertion, the clerk's record contains numerous documents from the detention center. These documents are incident reports from the juvenile detention center documenting J.A.W.'s behavior. Although neither the State nor the defense offered these documents into evidence, the court has the authority under section 54.04(b) to consider reports from probation officers, professional court employees, and professional consultants. This is sufficiently broad to include juvenile detention officers. Clearly, the probation officer's file contained the detention report as the court obtained a copy from the probation officer present in the court room. Based on the latitude the court has to consider all factors, we find that the court could properly consider the detention report when determining the appropriate disposition.
Section 54.04(b) also requires defense counsel to have access to all written matter to be considered in a disposition hearing. Defense counsel stated that he had looked at the detention report but needed time to review it. The court granted a recess to allow defense counsel to review the report. Thus, defense counsel not only had access to the report, but he also had sufficient opportunity to review it. When court reconvened, the court asked whether anyone had additional argument and defense counsel only renewed his objection to re-opening the evidence.
J.A.W. also objected to the report on the basis of hearsay. However, a juvenile court may consider hearsay reports at a disposition hearing. In re R.G.S., 575 S.W.2d 113, 119 (Tex.Civ.App.Eastland 1978, writ ref'd n.r.e.). Section 54.02(e) of the Family Code, which allows the court to consider written reports from probation officers, professional court employees, and professional consultants, provides an explicit exception to the hearsay rule in a transfer to criminal court proceeding. See Matter of A.F., 895 S.W.2d at 485; In re Y.S., 602 S.W.2d 402, 404 (Tex.Civ.App.Amarillo 1980, no writ); Matter of J.R.C., 551 S.W.2d 748, 751-52 (Tex.Civ.App.Texarkana 1977, writ ref'd n.r.e.). Because 54.04(b) uses the same language and serves also to assess a child's need for rehabilitation, these written *265 reports are not subject to a hearsay objection. See Matter of A.F., 895 S.W.2d at 485. Accordingly, we overrule J.A.W.'s third issue presented.
We affirm the judgment.
NOTES
[1] As the adjudication hearing occurred in October of 1996, the new Texas Rules of Evidence are not applicable.
[2] Article 36.02 states: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex.Code Crim. Proc. Ann. art. 36.02 (Vernon 1981).