TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00495-CV






In the Matter of C.E.







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. 2562B, HONORABLE GARY L. STEEL, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N


 The trial court found that appellant C.E. engaged in delinquent conduct by 
committing the offense of aggravated sexual assault of a child and committed C.E. to the Texas
Youth Commission for ten years. See Tex. Fam. Code Ann. § 54.03 (West Supp. 2006); Tex. Penal
Code Ann. § 22.021 (West Supp. 2006). In his sole issue, C.E. asserts that the court violated his
Fifth Amendment privilege against self-incrimination at the disposition hearing by admitting the
testimony of his therapist concerning C.E.'s disclosure of two prior sexual assaults on children. We
conclude that any error in the trial court's admission of the testimony was harmless because there
was no objection to the inclusion of C.E.'s disclosure in the predisposition report that the court
reviewed. See Tex. Fam. Code Ann. § 54.04(b) (West Supp. 2006). Accordingly, we affirm the trial
court's judgment.






BACKGROUND

 C.E. was detained in a juvenile-detention center after the trial court entered an order
finding probable cause to believe that C.E. had engaged in delinquent conduct, that C.E. might be
a danger to himself or threaten the safety of the public if released, and that C.E. resided in the same
home with the victim. The court entered subsequent detention orders holding C.E. until the juvenile
probation department verified that the victim was removed from the home. C.E. was later released
on house arrest with electronic monitoring.

 At the adjudication hearing, C.E. pleaded true to the State's petition, which alleged
that he had engaged in delinquent conduct on or about September 20, 2004, by committing the
offense of aggravated sexual assault on a child younger than 14 years of age. See Tex. Penal Code
Ann. § 22.021. The State's petition had previously been approved by a grand jury. See Tex. Fam.
Code Ann. § 53.045 (West 2002). C.E. waived reading of the allegations in the State's petition,
stipulated to the State's evidence, and waived trial by jury. Based on C.E.'s plea and the evidence,
the court found that C.E. had engaged in the delinquent conduct alleged in the State's petition and
proceeded to conduct the disposition phase of the hearing.

 During the disposition phase, the State called C.E.'s therapist, John Morris, who
stated that he began counseling C.E. on December 20, 2004, after C.E. was released from the
detention center. The record is unclear about who initiated these counseling sessions. Morris
testified that he thought that C.E. "would be at a high risk to reoffend." When the prosecutor asked
why Morris believed that, Morris began by responding, "The number of victims--"

 Anticipating the therapist's testimony, defense counsel interrupted and requested to
take Morris on voir dire examination "[t]o determine whether or not the statements that were made
by [C.E.] were--are admissible." After questioning Morris briefly, counsel objected to the
admission of "any statements" from C.E., arguing that Morris saw C.E. through the juvenile
probation department, "and it was somewhat a condition--[C.E.] had to be ordered to." Counsel
further argued that Morris was an arm of the State and that any statements by C.E. were made during
a custodial interrogation that should have been preceded by a "Miranda warning." See Miranda
v. Arizona, 384 U.S. 436, 444 (1966). Although he objected to C.E.'s statements "coming in,"
defense counsel stated twice that he did not object to Morris's opinion. The trial court overruled the
objection but allowed a running objection on Morris's comments regarding his discussions with C.E.

 When Morris continued with his testimony, he recalled C.E. stating that "he was there
originally for committing a sexual offense against . . . a four-year-old boy" whom C.E. claimed to
have assaulted two times. Morris then testified that on January 19, 2005, C.E. disclosed his sexual
assaults of two additional victims: a four-year-old girl in Tennessee and a six-year-old boy in Texas. 
Morris opined that C.E. had a high risk to reoffend based on the number of his victims, his pattern
of misbehavior, his violation of electronic monitoring, and the "cognitive distortions" that he used
to justify his behavior. He stated that C.E. required long-term sex-offender treatment in a
supervised, structured setting.

 C.E.'s probation officer, Alissa Payne, also testified during the disposition hearing. 
She stated that C.E.'s supervision within the home was "very poor and inadequate, considering that
the offense took place in the home with dad in the next room." Payne also noted that C.E.'s father
had not visited C.E. in the "last couple of months in detention."

 The court also heard testimony from C.E.'s father, who stated that C.E. had been
living with him for nine months. Previously, C.E. had been living with his mother, whom he had
lived with since he was five years old. C.E.'s father agreed to make every effort to prevent C.E. from
violating conditions of probation that the court might order.

 In addition to the witnesses' testimony, the record reflects that the court considered
the juvenile probation department's predisposition investigation report, which states, "[C.E.] has
since disclosed victimizing two other children, a six-year-old boy cousin and a 4-year-old girl." 
Defense counsel did not object to this statement.

 After hearing the testimony and considering the predisposition investigation report,
the trial court ordered C.E. confined for 10 years in the Texas Youth Commission and the Texas
Department of Criminal Justice, Institutional Division, and ordered him to register as a sex offender
for life. This appeal followed.


DISCUSSION

 In his sole issue, C.E. contends that the trial court violated his Fifth Amendment
privilege against self-incrimination by admitting Morris's testimony concerning C.E.'s disclosure
of two prior sexual assaults on children. C.E. asserts that he was not given a Miranda warning
before the counseling session. See id. The State asserts that C.E. was not in a custodial-interrogation
situation and that Morris was not acting as an agent of the State when C.E. made his disclosure. 
Alternatively, the State argues that the admission of C.E.'s statements was harmless because the
defense waived any objection to Morris's consideration of those statements in rendering his opinion
about C.E.'s risk to reoffend.

 In reviewing claims of Miranda violations, we grant almost total deference to the trial
court's determination of the historical facts that the record supports--especially when the court's
factual findings are based on an evaluation of the witnesses' credibility and demeanor--and review
de novo the trial court's rulings on application-of-law-to-fact questions that are not based on
credibility and demeanor. Ripkowski v. State, 61 S.W.3d 378, 381-82 (Tex. Crim. App. 2001) (citing
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)); In re L.M., 993 S.W.2d 276, 286
(Tex. App.--Austin 1999, pet. denied).

 The Fifth Amendment provides, "No person shall . . . be compelled in any criminal
case to be a witness against himself . . . ." U.S. Const. amend. V. This privilege against
self-incrimination applies to adults and juveniles. In re Gault, 387 U.S. 1, 55 (1967); In re V.P.,
55 S.W.3d 25, 31 (Tex. App.--Austin 2001, pet. denied). Further, the privilege is applicable at both
the sentencing and guilt-or-innocence phases of a criminal proceeding. See Mitchell v. United States,
526 U.S. 314, 328-29 (1999) (applying Fifth Amendment privilege to sentencing phase of adult
criminal proceeding); In re J.S.S., 20 S.W.3d 837, 844 (Tex. App.--El Paso 2000, pet. denied)
(holding that Fifth Amendment privilege applies from conclusion of adjudication hearing through
conclusion of disposition hearing in juvenile-delinquency proceeding).

 The privilege against self-incrimination is implicated if the prosecution is allowed
to use statements stemming from the defendant's custodial interrogation without applying 
procedural safeguards effective to secure the privilege. See Miranda, 385 U.S. at 444. In the
absence of other fully effective safeguards, a defendant's statements during custodial interrogation
may only be used if, prior to interrogation, the defendant is given a Miranda warning--advising the
defendant of the right to remain silent, that any statement made can be used against the defendant,
and that the defendant has the right to counsel. Id.

 A Miranda warning is only necessary when the defendant is subject to custodial
interrogation. Id. Statements made by the defendant in this setting are inadmissible at trial unless
proper Miranda warnings were given. Id. "Custodial interrogation" refers to questioning that is
initiated by law enforcement officers after a person has been taken into custody or otherwise
deprived of his freedom of action in any significant way. Id.

 Questioning "initiated by law enforcement officers" may include questioning by a
court-ordered psychiatrist. See Estelle v. Smith, 451 U.S. 454, 467 (1981). A criminal defendant
who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence may
not be compelled to respond to a psychiatrist if the defendant's statements may be used against the
defendant at a criminal proceeding. Id. at 468. Unless they are preceded by a Miranda warning, the
statements to the psychiatrist will be inadmissible when offered against the defendant to prove the
defendant's future dangerousness. See id.

 But Fifth Amendment concerns are not necessarily presented by all types of
interviews and examinations that might be ordered or relied on to inform a sentencing determination. 
Id. at 469 n.13. For instance, if the defendant initiates or requests a psychiatric evaluation or
presents psychiatric evidence, then the prosecution may use statements from that same evaluation
for rebuttal. Buchanan v. Kentucky, 483 U.S. 402, 422-23 (1987). A psychiatric evaluation that is
not court-ordered but is initiated by the defendant does not constitute custodial interrogation and
need not be preceded by Miranda warnings. See id.

 Thus, the threshold question in this case is whether C.E. was ordered by the court or
otherwise compelled to attend psychiatric counseling with Morris. If C.E. was not so ordered or
compelled, then he was not subject to custodial interrogation or entitled to Miranda warnings, and
his incriminating statements to Morris cannot receive Fifth Amendment protection.

 Nothing in this record clearly proves that C.E. was under court order or was otherwise
compelled to attend psychiatric counseling with Morris. The order releasing C.E. from juvenile
detention to house arrest does not contain any condition requiring C.E. to attend counseling nor is
there any order initiating C.E.'s counseling. During his objection to the admission of C.E.'s
statements, defense counsel stated that counseling was "somewhat a condition--[C.E.] had to be
ordered to." There is a docket sheet entry on October 7, 2004, stating, "Counseling to be set-up
immediately." A detention order signed on February 15, 2005, states "the child and/or family was
previously referred to . . . counseling or psychological services" with "Dr. McNeil--Psychological
Evaluation" and "New Braunfels Counseling Center--John Morris, RSOTP." The source of that
referral is unspecified. Additionally, while Morris testified that he had seen C.E. "essentially
through the juvenile probation department," C.E. acknowledges in his brief that the purpose of the
regular meetings was for his treatment, "rather than for a law enforcement interrogation." The
evidence in this record could suggest that C.E. was ordered to seek counseling by the probation
department or--just as likely--that C.E. was encouraged to seek counseling and the probation
department connected C.E. with Morris at C.E.'s request.

 We need not decide this question, however, because we determine beyond a
reasonable doubt that, even if the counseling were compelled and if the admission of the therapist's
testimony about C.E.'s disclosure should not have been admitted, any such error was harmless and
did not contribute to C.E.'s conviction or punishment. See Tex. R. App. P. 44.2(a).

 C.E.'s disclosure of his previous sexual assaults on two other children was included
in the juvenile probation department's predisposition investigation report. Section 54.04 of the
family code authorizes the court to consider "written reports from probation officers, professional
court employees, or professional consultants in addition to the testimony of witnesses" at the
disposition hearing. See Tex. Fam. Code Ann. § 54.04(b); see also In re J.A.W., 976 S.W.2d 260,
264 (Tex. App.--San Antonio 1998, no pet.) (concluding that court could consider detention center
reports that neither party offered into evidence during disposition hearing); In re A.F., 895 S.W.2d
481, 486 (Tex. App.--Austin 1995, no writ) (holding that court could consider social history report
during disposition hearing).

 In reaching its disposition, the court was entitled to consider the juvenile probation
department's predisposition report, independent of Morris's testimony about what C.E. disclosed
during his therapy session. Accordingly, any error in the court's ruling concerning the admissibility
of Morris's testimony about C.E.'s previous sexual assaults was harmless. See McNac v. State,
215 S.W.3d 420, 424-25 (Tex. Crim. App. 2007) (citing Leday v. State, 983 S.W.2d 713, 717
(Tex. Crim. App. 1998) (holding that improper admission of evidence is not reversible error if same
facts are shown by other evidence that is unchallenged)); see also Tex. Fam. Code Ann. § 54.04(b). 
Because we have determined that any error in the admission of Morris's testimony about C.E.'s
disclosure of two prior sexual assaults on children was harmless, we overrule C.E.'s sole issue.


CONCLUSION

 Having overruled C.E.'s sole issue on appeal, we affirm the trial court's judgment.



 
 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: August 9, 2007