**AFFIRMED as MODIFIED in part; AFFIRMED in part; and Opinion Filed May 6, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00337-CR**

**No. 05-19-00338-CR**

**VERNON ROSS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-58265-R, F18-30738-R**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Nowell, and Evans
Opinion by Justice Evans

In a single issue, appellant asserts that the trial court abused its discretion by overruling his objection to a leading question. In a cross-issue, the State requests that the judgment be modified to reflect the correct Department of Public Safety tracking number. We modify the trial court's judgment as requested by the State and affirm the judgment as modified.

# BACKGROUND

In two separate indictments, appellant was indicted for continuous sexual abuse of a child. As part of a plea bargain, appellant entered guilty pleas for the lesser-included offense of aggravated sexual assault of a child. The court noted that these were "open pleas" so appellant did not have a plea bargain agreement with respect to punishment and the judge who sentenced appellant could sentence within the full range of punishment (five years to ninety-nine years). The court accepted the pleas and found that they were freely and voluntarily given.

At the punishment hearing, complainant's aunt—Jamie Barfield—testified appellant had dated complainant's mother from the time complainant was six to eight months old. At the time of trial, complainant was thirteen years old. The following exchange then took place between Barfield and the State:

| | |
|---|---|
| [State]: | So when she was a little baby is when he came into her life: |
| [Barfield]: | Yes. |
| [State]: | Okay. And so he was like a stepdad or a dad to her? |
| [Defense atty.]: | Judge, I will object to leading this witness. |
| [Barfield]: | Like dad. |
| [Court]: | Excuse me just a moment, ma'am. Gabriel, go ahead. |
| [Defense atty.]: | I said I will object to leading this witness. |
| [Court]: | Overruled. |
| [State]: | What was he like in her life? |

[Barfield]: Like a dad. She called him dad.

Complainant testified that she lived in Texas for about four years with appellant, her mother, and her brother. The State asked complainant what appellant was to her and complainant answered "[h]e was my stepdad to me at the time." Complainant testified that appellant inappropriately touched her in various ways on different occasions.

## ANALYSIS

### A. Leading Question

In his sole issue, appellant asserts the trial court abused its discretion when it overruled his objection that a question asked by the State during the punishment hearing was leading. In the testimony described above, appellant specifically objects to the question posed to Barfield about whether appellant was like a dad or stepdad to complainant. Appellant argues that his substantial rights were affected and he is entitled to a new punishment hearing. We disagree.

Leading questions are questions that suggest the desired answer, instruct the witness how to answer, or put words into the witness's mouth to be echoed back to the prosecutor. *See Rodriguez v. State*, No. 05-18-01448-CR, 2020 WL 881008, *4 (Tex. App.—Dallas Feb. 24, 2020, no pet. h.). Texas Rule of Evidence 611(c) does not forbid the asking of leading questions; it states that leading questions "should not be used on the direct examination of a witness except as may be necessary to develop his testimony." TEX. R. EVID. 611(c); *see Wyatt v. State*, 23 S.W.3d 18, 28

(Tex. Crim. App. 2000) (discussing former Texas Rule of Criminal Evidence 610(c) which is identical in substance to current Texas Rule of Evidence 611(c)). The Court of Criminal Appeals has addressed this issue as follows:

> The rule clearly contemplates that some leading questions are acceptable at the trial court's discretion. Prior to the adoption of rule 610(c), this Court held in a long line of cases that permitting leading questions on direct examination is a matter within the sound discretion of the trial court. Abuse of discretion cannot be shown unless appellant can show that he was unduly prejudiced by virtue of such questions. The adoption of rule 611(c) does not appear to have changed this long–standing proposition.

*Wyatt*, 23 S.W.3d at 28 (internal citations omitted).

Appellant asserts "the question in this case was harmful to Appellant because, by establishing a father-daughter relationship between [complainant] and Appellant, the offense would seem even more inflammatory and damaging thereby violating Appellant's right to a fair hearing." Here, however, appellant cannot demonstrate that he was prejudiced by the question posed to Barfield when the State received the same testimony later in the hearing from a different witness, the complainant. As stated above, the State asked complainant what appellant was to her and complainant answered "[h]e was my stepdad to me at the time." As the State later obtained the same evidence from a different witness without objection, appellant cannot demonstrate that he was harmed by the leading question to Barfield. *See In re J.A.W.*, 976 S.W.2d 260, 262 (Tex. App.—San Antonio 1998, no pet.) (no prejudice where same testimony from leading question was obtained by cross-examination).

–4–

For this reason, we conclude there was not undue prejudice to appellant and appellant's sole issue is overruled.

### B. Modification of Judgment

In a cross-issue, the State requests that this Court reform the judgment to reflect the correct Department of Public Safety tracking number in cause number F18-30738-R (appellate cause No. 05-19-00338-CR). The judgment in cause number F18-30738-R includes an incident number of 9249329202, but the correct number is 9215364285. In cases such as these, where the necessary data and information is available, we have the authority to modify the incorrect judgment. *See* TEX. R. APP. P. 43.2(b); *Estrada v. State,* 334 S.W.3d 57, 63 (Tex. App.—Dallas 2009, no pet.) ("This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information to do so."); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we sustain the State's cross-issue and modify the judgment to reflect the correct incident number.

## CONCLUSION

Based on the foregoing, the incident number 9249329202 in the judgment of cause number F18-30738-R is modified to 9215364285.

As modified, we affirm the trial court's judgment.

/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

190337F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

VERNON ROSS, Appellant

No. 05-19-00337-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-58265-R. Opinion delivered by Justice Evans. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 6, 2020.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VERNON ROSS, Appellant

No. 05-19-00338-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-30738-R. Opinion delivered by Justice Evans. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The incident number 9249329202 is modified to incident number 9215364285.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered May 6, 2020.