AF 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00653-CV







In the Matter of A. F., Appellant







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 142,913-C, HONORABLE EDWARD S. JOHNSON, JUDGE PRESIDING







 

 A Bell County jury found that appellant A.F., a juvenile, had engaged in delinquent
conduct by attempting to commit capital murder. See Tex. Fam. Code Ann. §§ 53.045(a)(6),
54.03(a), (c) (West Supp. 1995). The trial court sentenced appellant to twenty-five years'
commitment in the Texas Youth Commission with a transfer to the Texas Department of Criminal
Justice--Institutional Division, and made an affirmative finding that a firearm was used in the
commission of the delinquent conduct. See id. §§ 54.04(d)(3), (g). Appellant advances ninety-three points of error, the majority of which allege that the trial court abused its discretion by (1)
admitting in evidence portions of a social history report at the disposition hearing; (2) allowing
the state to reopen its case-in-chief after resting; and (3) admitting in evidence a witness statement
without a proper limiting instruction. Appellant's remaining point of error challenges the
sufficiency of the evidence supporting the trial court's finding that a firearm was used during the
commission of the delinquent conduct. We will reform the juvenile court's disposition order and
affirm the judgment of delinquent conduct.



FACTUAL BACKGROUND AND DISCUSSION


 In the early afternoon of April 25, 1993, appellant and D.M. (1) entered a
convenience store in Killeen, Texas. The youths eventually went to the cashier's counter and
purchased a soft drink. The proprietor, Yong Wan Pak, dropped a dime while making change
for the purchase. As Pak reached down to pick up the coin, D.M. shot him in the face with a .25
caliber pistol. As Pak fell to the ground, his shoulder pushed the cash register drawer shut. The
youths fled the scene empty-handed, and were apprehended later that day.

 All but one of appellant's points of error ask us to conclude that the trial court
abused its discretion in some aspect of A.F.'s adjudication or disposition hearings. A trial court
abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts
without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 233,
226 (Tex. 1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
This Court may not reverse for abuse of discretion merely because we disagree with a decision
of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 Appellant claims in his first and second points of error that the trial court abused
its discretion by admitting in evidence a witness statement without a contemporaneous limiting
instruction and without an adequate limiting instruction in the jury charge. The statement in
question was made by Henry Quinones on the day of the offense; his statement and testimony
largely concerned his interaction with appellant and D.M. that day. When Quinones's testimony
at the hearing varied from his prior statement, the State attempted to impeach his testimony with
portions of his statement. Quinones then indicated that he did not voluntarily make the statement
and that the statement was not in his words. (2)

 Later in the adjudication hearing, the State called Officer Dennis Baldwin of the
Killeen Police Department to impeach Quinones's assertion that the statement was involuntary and
inaccurate. When the State sought to introduce the statement itself, appellant objected and
requested a limiting instruction. The court declared a recess and, after hearing arguments from
counsel, concluded that the statement would be admitted to show the voluntariness of the
statement. When the jury returned, the court admitted in evidence a redacted version of the
statement and overruled appellant's objection to its admission, but did not give a limiting
instruction. Appellant did not obtain a ruling on his previous request for a limiting instruction
and did not request such an instruction once the statement was admitted. The court subsequently
denied appellant's request to include in the jury charge a limiting instruction regarding the
statement itself.

 Appellant claims that Texas Rule of Civil Evidence 105(a) required the trial court
to provide a limiting instruction. (3) However, appellant failed to comply with that rule's
requirement that the request for a limiting instruction be made when the evidence is admitted. See
Tex. R. Civ. Evid. 105(a); McNiel v. State, 757 S.W.2d 129, 136 (Tex. App.--Houston [1st Dist.]
1988, pet. ref'd) (stating that Texas Rule of Criminal Evidence 105(a) (4) provides for limiting
instruction only at time evidence is admitted). An objection to or request for an instruction in the
jury charge is not sufficient to preserve error if no limiting instruction is requested when the
evidence is admitted. Id. Thus, the trial court had no obligation under Rule 105(a) to provide
a limiting instruction for Quinones's statement. Appellant's first and second points of error are
overruled.

 Appellant alleges in his fourth and fifth points of error that the trial court abused
its discretion by allowing the State to reopen its case-in-chief after resting. Texas Rule of Civil
Procedure 270 provides in pertinent part that "at any time the court may permit additional
evidence to be offered where it clearly appears to be necessary to the due administration of
justice." Tex. R. Civ. P. 270. This decision is within the sound discretion of the trial court. 
Word of Faith World Outreach v. Oechsner, 669 S.W.2d 364, 366-67 (Tex.App.--Dallas 1984,
no writ). In determining whether to grant a motion to reopen, the trial court considers whether
(1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence
is decisive; (3) reception of such evidence will cause undue delay; and (4) granting the motion will
cause an injustice. Id.

 After hearing argument on the issue, the trial court concluded that the proffered
evidence "may be decisive [and] that no undue delay in the trial will result upon granting the
Motion to Reopen and that the Motion to Reopen will not work an injustice on this juvenile
respondent." Although the court made no finding of due diligence, that factor "is merely one of
several factors to be considered" by the trial court in ruling on a motion to reopen. Id. Appellant
argues that none of the Word of Faith factors was present. However, this Court may not
substitute its judgment for a decision made within the trial court's sound discretion. Buller, 806
S.W.2d at 226. In light of the trial court's explicit findings, and mindful that the court's
discretion in this matter "should be liberally exercised in the interest of permitting both sides to
fully develop the case in the interest of justice," we cannot say that the trial court abused its
discretion in allowing the State to reopen. See Word of Faith, 669 S.W.2d at 367. Points of error
four and five are overruled.

 Appellant's points of error six through ninety-three concern the probation officer's
"social history" report admitted in evidence at the disposition hearing. The Texas Family Code
provides that, following an adjudication of delinquent conduct, a separate hearing shall be held
to determine the disposition of the case. See Tex. Fam. Code Ann. § 54.04(a) (West Supp. 1995). 
Because appellant was found to have engaged in delinquent conduct by attempting to commit
capital murder, he was entitled to a jury at the disposition hearing. Id. Appellant waived this
right, and the trial court determined the disposition of his case.

 Appellant claims that certain portions of the social history report, introduced
pursuant to Family Code section 54.04(b), should have been excluded under various provisions
of the Texas Rules of Evidence. Specifically, appellant argues that portions of the report were
inadmissible because they were not relevant, see Tex. R. Civ. Evid. 402; their probative value
was substantially outweighed by their prejudicial effect, see Tex. R. Civ. Evid. 403; and they
contained specific instances of misconduct used to show appellant's character, see Tex. R. Civ.
Evid. 404, 405.

 Texas Rule of Civil Evidence 101(b) states, "Except as otherwise provided by
statute, these rules govern civil proceedings in all courts of Texas other than small claims courts." 
Before reaching appellant's specific points of error, we must determine whether Family Code
section 54.04(b) pre-empts application of the rules of evidence to the social history report. 
Section 54.04(b) of the Texas Family Code provides: "At the disposition hearing, the juvenile
court may consider written reports from probation officers, professional court employees, or
professional consultants in addition to the testimony of witnesses." Tex. Fam. Code Ann.
§ 54.04(b) (West Supp. 1995). (5) This provision places no apparent limit on the nature or type of
information that may be contained in these social history reports.

 While the legislature explicitly made adjudication hearings subject to the rules of
civil evidence, it did not subject to the rules any proceeding which calls for review of the social
history report. See id. § 54.03(d) (West 1986). (6) The legislative intent expressed through a statute
"should be ascertained from the entire act, and not from isolated portions thereof." City of Mason
v. West Tex. Utils. Co., 237 S.W.2d 273, 278 (Tex. 1951). Every word of a statute is presumed
to have been used for a purpose, and every word excluded must also be presumed to have been
excluded for a purpose. Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981);
Southwestern Bell Tel. Co. v. Public Util. Comm'n, 888 S.W.2d 921, 926 (Tex. App.--Austin
1994, writ requested). Under these rules of construction, the statutory design of the Family Code
manifests a legislative intent not to restrict the information received in these non-adjudicative
juvenile proceedings by strict application of the rules of evidence.

 This position finds accord among our sister courts. "The rules of evidence have
traditionally been relaxed in procedures concerning the welfare of children." In the Matter of
J.R.C., 551 S.W.2d 748, 752 (Tex. Civ. App.--Texarkana 1977, writ ref'd n.r.e.). In J.R.C., the
court rejected a hearsay challenge to the use of the social history report in a transfer to criminal
court proceeding. See Tex. Fam. Code Ann. § 54.02(e) (West 1986). The court observed that
section 54.02(e) provided an explicit exception to the hearsay rule, and reasoned that this
exception was "particularly appropriate in a proceeding . . . where the purpose is not to determine
guilt but merely to evaluate the background and maturity of the child in order to determine if he
may be rehabilitated or if he should be subject to criminal proceedings." J.R.C., 551 S.W.2d at
752. As in a transfer to criminal court proceeding, a primary purpose of the disposition hearing
is to determine a child's need for rehabilitation. See Tex. Fam. Code Ann. § 54.04(c) (West
Supp. 1995).

 There appears to be no authority limiting the content of reports envisioned by
section 54.04(b). See In the Matter of C.D.R., 827 S.W.2d 589, 592 (Tex. App.--Houston [1st
Dist.] 1992, no writ). Courts agree that the purpose of section 54.04(b) is to broaden the pool
of information available for the trial court's consideration at the disposition hearing. In denying
a due process challenge to the use of a social history report, one court of appeals noted that "there
is good reason to give the judge the latitude afforded by § 54.04(b) to consider all factors in
deciding what disposition to make." Tyler v. Texas, 512 S.W.2d 46, 48 (Tex. Civ. App.--
Beaumont 1974, no writ) (emphasis added). In a concurring opinion, Justice Keith explained that
the juvenile court's "obligation of entering a judgment which is to the best interest of the minor
as well as to society in general" requires the court to "have available for use all of the recognized
tools and information in order to enable [it] to discharge this responsibility." Id. at 50. The Fifth
Court of Appeals echoed this sentiment, stating that section 54.04(b) "is intended to broaden, not
contract, the pool of information upon which the court makes its decision." In the Matter of
A.N.M., 542 S.W.2d 916, 921 (Tex. Civ. App.--Dallas 1976, no writ). Subjecting social history
reports to a rigid application of the rules of civil evidence would undoubtedly restrict the
substantive information admissible, undermining the objective of considering all relevant factors
in determining an appropriate disposition. We believe the legislature was mindful of this objective
when it chose to suspend application of the rules of evidence at the disposition hearing.

 In light of the Family Code's broad objective of addressing the needs of the juvenile
while protecting the public in making a disposition, we conclude that the social history report
described in section 54.04(b) is not subject to a strict application of the rules of civil evidence. 
Accordingly, the trial court did not abuse its discretion by refusing to exclude portions of the
social history report based on the rules of evidence. Appellant's points of error six through
ninety-three are overruled.

 In his third point of error, appellant alleges that the evidence was legally and
factually insufficient to support the deadly weapon finding made by the trial court pursuant to
Family Code section 54.04(g), which reads:



If the court orders a disposition under Subsection (d)(3) of this section and there
is an affirmative finding that the defendant used or exhibited a deadly weapon
during the commission of the conduct or during immediate flight from commission
of the conduct, the court shall enter the finding in the order. If there is an
affirmative finding that the deadly weapon was a firearm, the court shall enter that
finding in the order.



Tex. Fam. Code Ann. § 54.04(g) (West Supp. 1995). In its order of disposition, the juvenile
court found "that a deadly weapon was used and exhibited in the commission of this offense and
that the deadly weapon was a firearm." Because appellant was tried as a party to attempted capital
murder, the trial court's finding does not necessarily reflect that the appellant personally used or
exhibited a deadly weapon. To address appellant's sufficiency claims, we must first determine
whether section 54.04(g) requires a specific affirmative finding that the defendant personally used
or exhibited a firearm.

 Because it appears that no court has addressed this question, we will draw on
precedent from criminal cases interpreting a similar statute. The Code of Criminal Procedure
provision in effect before 1991 governing the finding of a deadly weapon is almost identical to
section 54.04(g). See Act of June 10, 1977, 65th Leg., R.S., ch. 347, § 1, 1977 Tex. Gen. Laws
925, 926 (relettered and amended by Act of June 15, 1991, 72d Leg., R.S., ch. 541, § 1, 1991
Tex. Gen. Laws 1876, 1876-77; now codified at Tex. Code Crim. Proc. Ann. § 42.12 sec.
3g(a)(2) (West Supp. 1995)). In interpreting this provision, the Court of Criminal Appeals held
that when the defendant is guilty as a party, an affirmative finding under that provision requires
"a specific finding by the trier of facts that the defendant personally used or exhibited a deadly
weapon." Reyes v. State, 741 S.W.2d 414, 432-33 (Tex. Crim. App. 1987). The trial court
should determine the issue and make this affirmative finding when it sits as the trier of fact at the
punishment stage. See Travelstead v. State, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985).

 Although the legislature amended this provision of the Code of Criminal Procedure
to allow an affirmative deadly weapon finding without the personal use or exhibition described
in Reyes, it did not so amend section 54.04(g) of the Family Code. Accordingly, we hold that
when a juvenile is adjudicated delinquent as a party to the conduct, an affirmative finding under
section 54.04(g) requires a specific finding by the trier of fact that the defendant personally used
or exhibited a deadly weapon during the commission of the conduct or during immediate flight
therefrom. (7)

 The record reveals that the State tried appellant only as a party to the delinquent
conduct. Indeed, the State adduced evidence at the adjudication hearing that D.M., not appellant,
shot Pak. No evidence affirmatively indicated that appellant possessed a firearm during the
offense or subsequent flight. The jury charge addressed appellant's involvement in the alleged
delinquent conduct only as a party and did not provide for a finding that appellant personally used
or exhibited a deadly weapon. In the absence of such a specific finding by either of the triers of
fact, and in light of the State's reliance on the theory of parties, we conclude that the juvenile
court's finding that a deadly weapon "was used" is insufficient as a matter of law to support an
affirmative finding under section 54.04(g). Thus, we need not reach appellant's factual
sufficiency claims. We sustain appellant's third point of error. The disposition order is reformed
to delete the juvenile court's affirmative finding that a deadly weapon was used.

 As reformed, the disposition order of the juvenile court is affirmed.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd, and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: March 15, 1995 

Publish

1.   Because the record does not clearly indicate whether this individual was a juvenile
or adult at the time of the offense, we will refer to him as D.M.
2.   The State impeached Quinones's testimony by having Quinones read excerpts from
his prior statement. At appellant's request, the trial court gave a limiting instruction
before Quinones read these excerpts, and also gave a limiting instruction in the jury
charge regarding them. The State later impeached Quinones's testimony regarding the
voluntariness of his statement by introducing the statement itself. Appellant's first and
second points of error are directed at this second instance of impeachment. 
3.   The Texas Rules of Civil Procedure govern juvenile proceedings except when in
conflict with Family Code Provisions. Tex. Fam. Code Ann. § 51.17 (West 1986). The
adjudication hearing must be conducted in accordance with the Texas Rules of Civil
Evidence. Id. § 54.03(d).
4.   The texts of civil and criminal evidence rules 105(a) are identical.
5.   The kind of report described in section 54.04(b) may also be considered by the court
at detention hearings, Tex. Fam. Code Ann. § 54.01(c) (West 1986); transfer to criminal
court hearings, id. § 54.02(e); release hearings, id. § 54.11 (West Supp. 1995); and
modification of disposition hearings, id. § 54.05(e) (West 1986).
6.   Had appellant opted for a jury at the disposition hearing, however, the social
history report would have been inadmissible. See Tex. Fam. Code Ann. § 54.03(d) (West
1986).
7.   A leading commentator on Texas juvenile law has also interpreted section 54.04(g)
to require a finding that the juvenile respondent personally used or exhibited a deadly
weapon. See Robert O. Dawson, The Third Justice System: The New Juvenile-Criminal
System of Determinate Sentencing for the Youthful Violent Offender in Texas, 19 St. Mary's L.
J. 943, 997-98 (1988).