**Stephen James UTTS, M.D., Appellant,**

v.

**Dennie SHORT, Individually and as Executor of the Estate of Clifton Short, Deceased; Norma L. Short; Patricia Ann Cain; and Sam Short, Appellees.**

No. 03–98–00120–CV

Court of Appeals of Texas, Austin.

March 4, 1999.

Diana L. Faust, Cooper, Aldous & Scully, P.C., Dallas, for Appellant.

Steven E. Aldous, Slack & Davis, L.L.P., Austin, for appellees.

Before Chief Justice ABOUSSIE, Justices KIDD and POWERS.*

MARILYN ABOUSSIE, Chief Justice.

This is an appeal from a medical malpractice case tried to the probate court. One of the original plaintiffs, Dorothy Short Walker ("Walker"),[1] settled her claim with one of the original defendants, HCA Health Services of Texas, Inc., d/b/a HCA South Austin Medical Center ("HCA"), for $200,000. The other plaintiffs, now appellees Norma L. Short, Dennie Short, Patricia Ann Cain, Sam Short, and Estate of Clifton Short (collectively, "appellees"), settled their claims with HCA for a nominal sum. After the settlements, Walker and appellees nonsuited their claims against HCA. Walker also nonsuited her claims against the remaining defendant, appellant Stephen James Utts, M.D. ("Dr.Utts"). Walker did not participate in this case at trial and was not a party to the lawsuit at the time of the court's submission to the jury or final judgment and therefore she is not one of the appellees. Dr. Utts and appellees proceeded to trial. The jury returned a verdict awarding appellees damages, and the trial court rendered judgment on the verdict. Dr. Utts appeals the trial court's decision not to credit Walker's $200,000 settlement against the damages awarded to appellees. We will affirm.

## STATEMENT OF FACTS

Appellees and Walker collectively filed a medical malpractice lawsuit against Dr. Utts, HCA, and Jean–Pierre Forage, M.D., for damages arising out of the alleged wrongful death of Clifton Short. Appellees and Walker nonsuited with prejudice their claims against Dr. Forage early in the litigation, leaving Dr. Utts and HCA as defendants.

---

* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. See Tex. Gov't Code Ann. § 74.003(b)(West 1998).

1. Walker is referred to throughout the record as "Dorothy Short," "Dorothy Walker Short," and "Dorothy Short Walker"; both appellant and appellees note in their appellate briefs that her correct name is "Dorothy Short Walker."

On July 16, 1997, Walker and HCA settled for $200,000. The Compromise Settlement Agreement and Release ("Walker settlement") reflected the agreement between HCA and Walker that HCA pay $50,000 to Walker and $150,000 to ShoreFeinberg, L.L.P., the firm representing Walker and appellees, in full and final settlement of Walker's claims against HCA. On the same day the Walker settlement was signed, Walker signed a document requesting the firm to distribute $10,000 to each appellee in his or her individual capacity. Shortly thereafter, appellees individually settled with HCA for $10.00 each. On July 25, appellees and Walker nonsuited with prejudice their claims against HCA. On September 22, 1997, Walker nonsuited with prejudice her claims against the sole remaining defendant, Dr. Utts. After Walker nonsuited Dr. Utts, she no longer participated in the case. Before trial, Dr. Utts filed a written election for a $200,040 dollar-for-dollar settlement credit, pursuant to sections 33.012(b)(1) and 33.014 of the Texas Civil Practice and Remedies Code.[2] Appellees, as plaintiffs Norma Short, Dennie Short, Patricia Cain, Sam Short, and the Estate of Clifton Short, filed an objection to Dr. Utts's election, arguing that they were the only "claimants" *currently* involved in the case and that they received only $10.00 each in total settlements from HCA; therefore, Dr. Utts was only entitled to a credit of $10.00 per plaintiff. Dr. Utts did not file a response to appellees' objection.

Appellees and Dr. Utts proceeded to trial. The jury found that the negligence of Dr. Utts and HCA proximately caused appellees' damages, attributing 25% of the negligence to Dr. Utts and 75% to HCA.[3] The jury awarded the Estate of Clifton Short $100,000, Norma Short $300,000, and the three children, Dennie, Patricia, and Sam, $12,000

each. Appellees moved for judgment on the verdict, allowing a credit of $10.00 per plaintiff. Dr. Utts filed a response to appellees' motion, objecting to appellees' allowance of a $50.00 credit and requesting application of a $200,000 credit instead. Dr. Utts asserted that he was entitled to the $200,000 credit because appellees benefitted from Walker's settlement, and Walker's nonsuit of Dr. Utts was merely an attempt to circumvent the application of the appropriate statutory settlement credit.

Appellees responded by arguing that Walker was not a "claimant" as defined by Chapter 33 of the Texas Civil Practice and Remedies Code; therefore, Dr. Utts was not entitled to receive a credit for her $200,000 settlement. *See* Tex. Civ. Prac. & Rem.Code § 33.011(1) (West 1997) (defining "claimant"). They also argued that the factual allegations and references to documents in Dr. Utts's response to the motion for judgment were never offered into evidence and therefore were untimely, not part of the record, and inadmissable hearsay. Appellees urged that Dr. Utts should not be permitted to present the documents he referenced in his response during the hearing on appellees' motion for judgment, because they were untimely and because his allegations regarding the intent of the Walker settlement were not relevant to the application of settlement credits. Dr. Utts filed a brief in support of his objection to appellees' motion for judgment in which he argued that Walker was a "claimant" as defined by the statute; he also filed a motion to reopen the evidence in the event the trial court determined that the evidence regarding the details behind the settlement was untimely, and he asked the trial court to take judicial notice of various pleadings and motions filed in the case.

---

2. Section 33.012(b)(1) states that if the claimant has settled with one or more persons, the court is required to "reduce the amount of damages to be recovered by the claimant with respect to a cause of action by a credit equal to ... the sum of the dollar amounts of all settlements." Tex. Civ. Prac. & Rem.Code § 33.012(b)(1) (West 1997). The dollar-for-dollar credit applies only if the nonsettling defendant elects this credit; otherwise, the credit will be a dollar amount equal to a percentage of the damages. *See id.* §§ 33.012(b)(2), .014 (West 1997).

3. This cause of action accrued and was filed prior to September 1, 1995. At that time, section 33.013 stated that a defendant was jointly and severally liable for the entire judgment if his percentage of responsibility was greater than 20%; therefore, Dr. Utts is jointly and severally liable for this judgment. Act of June 3, 1987, 70th Leg., 1st C.S., ch. 2, § 2.09, 1987 Gen. Laws 37, 42 (Tex. Civ. Prac. & Rem.Code § 33.013(b)(1), since amended).

The trial court held a hearing on the motion for judgment. On December 12, 1997, the trial court judge signed an order overruling Dr. Utts's objection to appellees' motion for judgment, denying his motion to reopen the evidence, and granting his request that the trial court take judicial notice of certain pleadings and motions. The judge also signed a final judgment in appellees' favor in the amounts awarded each of them by the jury, less a $10.00 credit for their settlements with HCA, plus prejudgment interest, stipulated costs, and court costs. Both of these documents were sent to the parties' counsel, along with the trial court's letter explaining his ruling. The letter reflected the judge's opinion that: (1) the statutory definition of "claimant" requires that a claimant be a party seeking recovery, and since Walker was not a party to the lawsuit at the time of the trial and verdict, the Walker settlement may not be credited against the jury verdict; (2) even if the Walker settlement could be credited against the jury verdict, Dr. Utts waived his right to the credit by not introducing evidence of the settlement prior to the verdict; and (3) even if Dr. Utts could introduce evidence of the settlement after the verdict, the trial court would sustain appellees' objections to most of Dr. Utts's evidence and find the evidence inadmissible as hearsay and as unauthenticated.[4]

After Dr. Utts's request for findings of fact and conclusions of law was denied, and his motion to modify, correct, and/or reform the judgment and motion for remittitur, and/or motion for new trial was overruled by operation of law, Dr. Utts timely perfected this appeal. He presents three issues for review:[5] (1) whether a defendant meets his burden of proving a settlement by introducing evidence in the record after a verdict is reached; (2) whether he is statutorily entitled to the settlement credit for the Walker settlement or whether multiple claimants in a lawsuit may structure a settlement to avoid the defendant's entitlement to credit; and (3) whether a dollar-for-dollar credit for a lump-sum settlement with multiple claimants should be subtracted from the total amount of damages awarded by the jury, rather than allocated based on each claimant's percentage of the total victory.

## DISCUSSION

Dr. Utts argues in his first issue that his election of a dollar-for-dollar settlement credit in the amount of $200,040, his response to appellees' motion for judgment, his brief supporting his response, and the record of the hearing on the motion for judgment all establish the amount of the Walker settlement; thus, he has met his burden to prove the amount of the Walker settlement. *See Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex.1998) (defendant has the burden to prove its right to a settlement credit; this burden includes proving the settlement credit amount). We note that appellees do not dispute that there is sufficient evidence in the record to establish the *amount* of the Walker settlement; rather, they contend that Dr. Utts did not present evidence that proved his *right* to a credit for the Walker settlement. Because appellees concede that there is evidence in the record regarding the amount of the settlement, we need not address Dr. Utts's question regarding the point at which a defendant must present evidence of the amount of a settlement.

Dr. Utts's second issue centers on the interpretation of "claimant" as it is used in Chapter 33 of the Texas Civil Practice and Remedies Code (the "Code"). *See* Tex. Civ. Prac. & Rem.Code §§ 33.011(1), .012(b) (West 1997). Therefore, we will first turn our attention to the statute itself.

A "claimant" is defined by the Code as:

---

4. Because the trial court sustained appellees' objections to Dr. Utts's exhibits in a letter ruling, Dr. Utts filed a bill of exceptions for each of the exhibits on March 5, 1998. On March 9, 1998, the trial court judge signed an order clarifying which documents were judicially noticed and sustaining appellees' objections to the rest of Dr. Utts's exhibits. Dr. Utts did not object to nor appeal the evidentiary ruling; therefore, the evidence is not part of the record before us and we will not consider whether the evidence should have been admitted.

5. For clarity, we treat separately the two sub-issues Dr. Utts presents as his first issue in his appellate brief.

[A] party seeking recovery of damages pursuant to the provisions of Section 33.001, including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff seeking recovery of damages. *In an action in which a party seeks recovery of damages for* injury to another person, damage to the property of another person, *death of another person,* or other harm to another person, *"claimant" includes both that other person and the party seeking recovery of damages pursuant to the provisions of Section 33.001.*

*Id.* § 33.011(1) (emphasis added). Code section 33.012(b) explains when a claimant's settlement is available to the non-settling defendant as a credit:

If *the claimant* has settled with one or more persons, the court shall further reduce the amount of damages to be recovered by *the claimant* with respect to a cause of action by a credit equal to ... (1) the sum of the dollar amount of all settlements; ....

*Id.* § 33.012(b)(1) (emphasis added).

■ Dr. Utts argues that Texas law provides him the right to receive credit for the Walker settlement once the settlement amount is proved because Walker was a "claimant" for purposes of section 33.012(b)(1). Appellees have consistently argued that Dr. Utts is not entitled to a settlement credit, despite evidence of the amount of the settlement, because Walker was not a "claimant" in the lawsuit when the case went to trial. We believe that neither of these arguments focuses on the real issue presented by Dr. Utts, which is whether the statute permits one claimant's settlement to be used as a credit against a different claimant's recovery in a wrongful death cause of action.

We believe that Walker was a "claimant" under the statute because she sought damages for the death of another person—her father. This finding, however, does not lead to the conclusion that Dr. Utts automatically has a statutory right to apply Walker's settlement against appellees' recovery. Because Walker, a claimant, settled for $200,000 with one defendant, HCA, Dr. Utts's election of the section 33.012(b)(1) credit required the court to reduce the amount of damages recovered against Dr. Utts *by Walker* by a credit equal to $200,000. Walker recovered no damages against Dr. Utts. Indeed, Walker was no longer a party to the lawsuit at the time of submission of the case to the jury and in the damages issue as submitted the jury was not asked to find damages in favor of Walker.

By urging us to apply a credit for the Walker settlement against the amounts awarded *to the appellees,* Dr. Utts asks us to reach the conclusion that Walker and the appellees are all *one claimant.* This interpretation of the Code has the potential to eliminate an individual recovery for each wrongful death beneficiary, because where there are multiple beneficiaries, any settlement with one beneficiary would eliminate a portion, or in some cases all, of the recovery of any remaining non-settling beneficiaries.

■ The goal of statutory construction is to give effect to the intent of the legislature. *See Sorokolit v. Rhodes,* 889 S.W.2d 239, 241 (Tex.1994). If language in a statute is unambiguous, this Court must seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *See id.* We believe section 33.012(b) is clear and unambiguous in its use of the term "claimant." While section 33.012(b)(1) does say that the non-settling defendant is entitled to credit for all settlements, the statute makes explicitly clear that only *the settling claimant's* damages shall be reduced by the amount of *that claimant's* settlement. *See* Tex. Civ. Prac. & Rem.Code § 33.012(b) (West 1997). There is nothing in the statute to suggest that *all* wrongful death beneficiaries are to be treated as one claimant so that *any* settlement by *any single* beneficiary against any single liable party will be credited against the recovery of all other beneficiaries against all other liable parties. If the legislature intended this result, it could have stated that intent through the language of the statute.

Dr. Utts urges that interpreting all wrongful death beneficiaries to be one "claimant" under section 33.012(b) is consistent with the reasoning in *Abrams v. McIver,* 966 S.W.2d 87 (Tex.App.—Houston [1st Dist] 1998, pet.

denied). In *Abrams,* McIver filed suit against several defendants both in her individual capacity and as the guardian of her daughter, Lori Crane, who was physically and mentally incapacitated as a result of a car accident. Three defendants settled before trial; the trial court allocated a portion of two of those settlements to McIver and the remainder to Crane. *See id.* at 96. The jury awarded Crane damages against the non-settling defendants, Abrams and Quinlan, who were adjudged jointly and severally liable. *See id.* The trial court credited Crane's settlements against the damage award and Abrams appealed,[6] seeking a dollar-for-dollar settlement credit for both Crane's *and* McIver's settlements. The court of appeals held that the trial court should have granted Abrams settlement credits for the full amount of both Crane's and McIver's settlements. *See id.*

■ We believe *Abrams* is factually distinguishable. First, McIver was named as a plaintiff throughout the lawsuit. In our case, Walker nonsuited with prejudice Dr. Utts well before the first day of trial. More importantly, it does not appear that McIver made any individual claims for damages, such as loss of companionship.[7] Even though the trial court awarded McIver a portion of the settlements in her individual capacity, the settlement amounts were based solely on Crane's personal injury, not an injury suffered by McIver; therefore, the court of appeals determined that McIver and Crane were a single claimant. In the case before this Court, *each individual* wrongful death beneficiary asserted separate and distinct claims for damages based upon tangible contributions they each would have received from the deceased, and intangible damages, such as mental anguish and loss of companionship, that *each individual* would experience. *See* Tex. Civ. Prac. & Rem.Code Ann. § 71.004 (West 1997) (listing surviving spouse, parents, and children as statutory beneficiaries in wrongful death cause of action); *Moore v. Lillebo,* 722 S.W.2d 683, 687–88 (Tex.1986) (explaining the damages each wrongful death beneficiary is entitled to seek, such as pecuniary loss, loss of inheritance, mental anguish, and loss of society and companionship); *Johnson v. City of Houston,* 813 S.W.2d 227, 229–30 (Tex.App.—Houston [14th Dist.] 1991, writ denied) (explaining that damages available to a wrongful death beneficiary are personal to that beneficiary). Because each wrongful death beneficiary has an individual, personal injury, we hold that the settlement of one claimant cannot be applied against the recovery of a different claimant.

■ Dr. Utts argues in the alternative that the manner in which Walker distributed her settlement money entitles him to a credit because the settlement *benefitted* appellees. He alleges that Walker's distribution of her settlement resulted in a settlement with appellees because the distribution was "value paid" in consideration of HCA's potential liability. *See C & H Nationwide, Inc. v. Thompson,* 903 S.W.2d 315, 320 (Tex.1994) (the term " 'settlement,' as used in Comparative Responsibility Law, means money or anything of value paid or promised to a claimant in consideration of potential liability."). The settlement agreement itself, however, was strictly between HCA and Walker; therefore, the only person to whom value was paid in consideration of HCA's potential liability was Walker. Dr. Utts points out that appellees' counsel explained during the hear-

---

6. Adams and Quinlan entered a Rule 11 agreement whereby Abrams agreed to pay the judgment if a joint and several judgment was rendered; only Abrams appealed the judgment. *See Abrams,* 966 S.W.2d at 90.

7. The *Abrams* opinion discusses only Crane's negligence cause of action and her recovery—it does not refer to any claim, such as loss of companionship, that might have been individually asserted by McIver. *See Enochs v. Brown,* 872 S.W.2d 312, 322 (Tex.App.—Austin 1994, no writ) (recognizing a parent's claim for loss of companionship for a devastating injury to a child). We note that McIver could not assert a claim for mental anguish because she did not witness the accident that caused Crane's injuries. *See Reagan v. Vaughn,* 804 S.W.2d 463, 467 (Tex.1990) (stating that a claim for mental anguish that is not based on the wrongful death statute requires that the plaintiff prove that he or she was located at or near the scene of the accident, and that the mental anguish resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observance of the incident).

ing on the motion for judgment that $150,000 of Walker's settlement was paid for attorney's fees and costs and $40,000 was distributed to appellees. The fact that Walker distributed her money to the appellees does not give Dr. Utts a right to credit for the Walker settlement because Walker was free to distribute her settlement money in any manner she chose. We cannot look to the subsequent distribution of proceeds of a settlement to justify disregarding the unambiguous language of section 33.012(b) and give Dr. Utts a right to a settlement credit where one does not exist.

Dr. Utts urges this Court to characterize the structure of the Walker settlement as a sham because Walker and appellees manipulated the statute to circumvent his statutory right to a settlement credit. We note that Dr. Utts did not attempt to present evidence to the trial court to support his allegation that the settlement was a sham until after the jury returned its verdict. The agreement between Walker and HCA is in the record, but it is simply a contract; it is not evidence of a sham. The statements of appellees' counsel, explaining that Walker gave $10,000 to each appellee, does not lead to the conclusion that the Walker settlement was a sham. Although Dr. Utts may have attempted to present evidence that the settlement was a sham after the verdict in a motion to reopen the evidence,[8] it was within the trial court's discretion to deny the motion. *See In re A.F.*, 895 S.W.2d 481, 484 (Tex.App.—Austin 1995, no writ) (decision to grant or deny a motion to reopen is within the sound discretion of the trial court). Because Dr. Utts was aware of the distribution of the Walker settlement well before the case was submitted to the jury, the trial court could have determined that he did not demonstrate due diligence in offering evidence that appellees benefitted from Walker's settlement. *See id.* (one of the elements the trial court considers in determining whether to grant a motion to reopen is whether the moving party showed due diligence in obtaining the evidence). Dr. Utts argues that a motion in limine prevented him from present-

ing evidence regarding the Walker settlement to the jury; however, nothing prevented Dr. Utts from presenting evidence to the trial court, outside the presence of the jury, to support his allegation that the settlement was a sham.

Furthermore, Dr. Utts took no countermeasures to protect himself from the potentially adverse consequences of a settlement between HCA and Walker. For example, he made no attempt to keep Walker in the lawsuit for purposes of jury submission, he made no request that the trial court structure the jury submission in such a way that a claim of fraud or sham could be established, and he did nothing to preserve a potential claim for contribution against the settling defendant, HCA. Finally, although Dr. Utts did not receive a credit for the Walker settlement, he did receive a benefit from Walker's settlement because Walker nonsuited Dr. Utts and did not recover any damages from him.

Therefore, in response to Dr. Utts's second issue, in which he asserts his statutory right to credit for the Walker settlement, or in the alternative argues that he is entitled to credit because the structure of the settlement benefitted appellees or was a sham to circumvent the statute, we hold that the trial court did not err in refusing to apply the $200,000 Walker settlement against appellees' recovery.

Dr. Utts argues in his third issue that a dollar-for-dollar credit for a lump-sum settlement with multiple claimants should be subtracted from the total amount of damages awarded by the jury. His argument focuses not on the individual settlements of each appellee but on the application of the $200,000 Walker settlement. We have already held that Dr. Utts is not entitled to credit for the $200,00 Walker settlement. Therefore, we decline to address Dr. Utts's third issue, regarding the allocation of a lump-sum settlement, because there is no lump-sum settlement at issue in this case.

---

8. We note that the section of Dr. Utts's appellate brief regarding the motion to reopen argues only that he should have been allowed to present evidence of the settlement *amount*, not that he should have been allowed to present evidence that the settlement was a sham.

## Conclusion

For the reasons we have explained above, we decline to address Dr. Utts's first and third issues. Regarding Dr. Utts's second issue, we hold that although Walker was a claimant under the Code, a defendant is not entitled to receive credit for one claimant's settlement against the recovery of a different claimant in a wrongful death case. The judgment of the trial court is therefore affirmed.