In the Matter of D.W.D.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-015-CV

IN THE MATTER OF D.W.D.

------------

FROM THE 323
RD
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

D.W.D., a juvenile, was adjudicated to have engaged in delinquent conduct and was committed to the Texas Youth Commission (TYC) for a term not to exceed five years.  D.W.D. appeals from the disposition phase only.  We will affirm.

The parties are familiar with the facts of this case, and the applicable law is well-settled.

In his first issue, D.W.D. contends that the evidence is factually and legally insufficient to show that (1) reasonable efforts were made to prevent or eliminate the need to remove the child or to make it possible for the child to return home and (2) the child, in the child’s home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions of probation.  
Tex. Fam. Code Ann.
 § 54.04(i)(1)(B), (C) (Vernon Supp. 2004).  Having reviewed the evidence under the applicable standard of review,
(footnote: 2) we conclude that there is some evidence supporting the trial court’s findings and that this evidence is not so weak, or so overwhelmed by evidence to the contrary, that a new trial should be ordered.  We overrule D.W.D.’s first issue.

In his second issue, D.W.D. contends that the trial court erred by considering the two prior offenses for which he was previously placed on probation.  D.W.D. concedes, however, that “[h]ad the social history report been admitted and [had] it recited these prior offenses, this would be a moot argument.”  D.W.D.’s social history report, which included these two prior offenses, was considered by the trial court.  Under family code section 54.04(b), the trial court may rely on a juvenile’s social history report in making a disposition.  
See
 
Tex. Fam. Code Ann.
 § 54.04(b); 
In re J.K.N.
, 115 S.W.3d 166, 171-72 (Tex. App.—Fort Worth 2003, no pet.); 
In re A.F.
, 895 S.W.2d 481, 485-86 (Tex. App.—Austin 1995, no writ).  There is no requirement that the report be introduced into evidence before the trial court may consider it.
  See In re J.A.W.
, 976 S.W.2d 260, 263-64 (Tex. App.—San Antonio 1998, no pet.) (court could consider section 54.04(b) reports that neither side offered into evidence); 
see also A.F.
, 895 S.W.2d at 486 (social history report not subject to strict application of the rules of civil evidence).  We overrule D.W.D.’s second issue.

Having overruled both of D.W.D.’s issues, we affirm the trial court’s judgment. 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

WALKER, J. concurs without opinion. 

DELIVERED: April 22, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
In re C.J.H.
, 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.)
 (in juvenile disposition, civil standards of factual and legal sufficiency are used to determine if abuse of discretion occurred).