COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT 
WORTH
 
NO. 2-03-015-CV
  
  
IN 
THE MATTER OF D.W.D.
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        D.W.D., 
a juvenile, was adjudicated to have engaged in delinquent conduct and was 
committed to the Texas Youth Commission (TYC) for a term not to exceed five 
years. D.W.D. appeals from the disposition phase only.  We will affirm.
        The 
parties are familiar with the facts of this case, and the applicable law is 
well-settled.
        In 
his first issue, D.W.D. contends that the evidence is factually and legally 
insufficient to show that (1) reasonable efforts were made to prevent or 
eliminate the need to remove the child or to make it possible for the child to 
return home and (2) the child, in the child’s home, cannot be provided the 
quality of care and level of support and supervision that the child needs to 
meet the conditions of probation. Tex. Fam. Code Ann. § 
54.04(i)(1)(B), (C) (Vernon Supp. 2004).  Having reviewed the evidence 
under the applicable standard of review,[2] we 
conclude that there is some evidence supporting the trial court’s findings and 
that this evidence is not so weak, or so overwhelmed by evidence to the 
contrary, that a new trial should be ordered.  We overrule D.W.D.’s first 
issue.
        In 
his second issue, D.W.D. contends that the trial court erred by considering the 
two prior offenses for which he was previously placed on probation.  D.W.D. 
concedes, however, that “[h]ad the social history report been admitted and 
[had] it recited these prior offenses, this would be a moot argument.”  
D.W.D.’s social history report, which included these two prior offenses, was 
considered by the trial court.  Under family code section 54.04(b), the 
trial court may rely on a juvenile’s social history report in making a 
disposition.  See Tex. Fam. Code Ann. § 54.04(b); 
In re J.K.N., 115 S.W.3d 166, 171-72 (Tex. App.—Fort Worth 2003, no 
pet.); In re A.F., 895 S.W.2d 481, 485-86 (Tex. App.—Austin 1995, no 
writ).  There is no requirement that the report be introduced into evidence 
before the trial court may consider it.  See In re J.A.W., 976 
S.W.2d 260, 263-64 (Tex. App.—San Antonio 1998, no pet.) (court could consider 
section 54.04(b) reports that neither side offered into evidence); see also 
A.F., 895 S.W.2d at 486 (social history report not subject to strict 
application of the rules of civil evidence).  We overrule D.W.D.’s second 
issue.
        Having 
overruled both of D.W.D.’s issues, we affirm the trial court’s judgment.
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
WALKER, 
J. concurs without opinion.
 
DELIVERED: 
April 22, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In re C.J.H., 79 S.W.3d 698, 703 (Tex. App.—Fort Worth 2002, no pet.) 
(in juvenile disposition, civil standards of factual and legal sufficiency are 
used to determine if abuse of discretion occurred).