

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-09-198-CV

IN THE MATTER OF J.A.G.

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant J.A.G., a juvenile, appeals the trial court's judgment revoking his probation and committing him to the Texas Youth Commission ("TYC"). In a single point, J.A.G. argues that his trial counsel rendered constitutionally ineffective assistance. We will affirm.

On March 30, 2007, the trial court adjudicated J.A.G. delinquent for the felony offense of indecency with a child and placed him on probation for two years. The trial court ordered that J.A.G. attend sex offender counseling as a condition of probation.

---

[1] *See* Tex. R. App. P. 47.4.

The State filed a motion to modify disposition in March 2008. In May 2008, the trial court extended J.A.G.'s probation for a period not to exceed October 18, 2010, and ordered that J.A.G. successfully complete the Specialized Treatment for Offenders Program ("STOP"). J.A.G. successfully completed STOP in February 2009 and, thereafter, began counseling in the Professional Associates Counseling and Consultation ("PACC") center's program. In April 2009, before the expiration of his probation, the State filed a motion to modify disposition, alleging that J.A.G. had violated his probation for being unsuccessfully discharged from sex offender counseling (PACC) in March 2009.

At a hearing on the State's motion, the parties stipulated that J.A.G. had violated his probation due to his unsuccessful discharge from sex offender counseling. During the disposition phase of the hearing, the trial court admitted without objection Petitioner's Exhibit 1, which included, among other things, a social history report and a statement signed by J.A.G. indicating that since he has been out of STOP, he has had sexual contact with eight females, has sold marihuana, has sold twenty dollars' worth of crack cocaine, has bought three ounces of "weed," has held an SK assault rifle and two handguns, was "jumped in with the CRIPS" at age eleven, and has "been with other CRIPS." The trial court found that J.A.G. had violated the terms and conditions of his probation, and it revoked his probation and committed him to the TYC for an indeterminate sentence not to exceed his nineteenth birthday.

2

In his only point, J.A.G. argues that his trial counsel was ineffective because (1) counsel did not object to the admission of Petitioner's Exhibit 1, which contains a social history report and J.A.G.'s signed statement that he has had sexual contact with females, purchased drugs, and handled firearms since completing STOP and (2) counsel did not file a motion or otherwise request notice of extraneous offenses under rule of evidence 404(b). J.A.G. contends that the signed statement included in Petitioner's Exhibit 1 identified multiple extrinsic bad acts that were not relevant to the issue before the trial court of whether he had violated his probation for being unsuccessfully discharged from sex offender counseling and that he was prejudiced by the evidence.

To establish ineffective assistance of counsel, J.A.G. must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was

3

reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence

4

in the outcome. *Id.*, 104 S. Ct. at 2068. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

This case demonstrates the "inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.). J.A.G. filed a motion for new trial, but he did not assert that his trial counsel was ineffective. The trial court did not hold a hearing to determine whether J.A.G.'s complaints of ineffective assistance involved actions that may or may not have been grounded in sound trial strategy, and the record does not reflect counsel's reasons for not doing the things of which J.A.G. complains. Further, we cannot conclude that this is one of those rare cases in which the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Garcia v. State*, 575 S.W.3d 436, 441 (Tex. Crim. App. 2001), *cert. denied*, 537 U.S. 1195 (2003)); *see also* Tex. Fam. Code Ann. § 54.04(b) (Vernon Supp. 2009) (providing that at the disposition hearing, the juvenile court, notwithstanding the rules of evidence and chapter 37 of the code of criminal procedure, may consider written reports from probation officers, professional court employees, or professional consultants at the disposition hearing); *In re A.F.*, 895 S.W.2d 481, 484–85 (Tex. App.—Austin 1995, no writ) (holding that a social history report is not subject to the strict application of the rules of civil evidence). In a situation such as this, the issue

5

is better presented within the framework of a post-conviction writ of habeas corpus. *See Patterson*, 46 S.W.3d at 306.

Accordingly, based on the record before us, in light of the strong presumption of reasonable professional assistance by defense counsel, and in the absence of any opportunity for defense counsel to explain his motives for not objecting to Petitioner's Exhibit 1 and for not filing a request for notice of extraneous bad acts, we cannot say that J.A.G. has met his burden of showing by a preponderance of the evidence that his trial counsel's representation fell below the standard of prevailing professional norms. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Goodspeed*, 187 S.W.3d at 392; *Salinas*, 163 S.W.3d at 740. J.A.G. has thus failed to satisfy the first prong of the *Strickland* test. We overrule J.A.G.'s only point and affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DELIVERED: April 22, 2010

6