COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-198-CV

 

 

IN THE MATTER OF J.A.G.

 

                                                       ------------

 

              FROM
THE 323RD DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
J.A.G., a juvenile, appeals the trial court=s
judgment revoking his probation and committing him to the Texas Youth
Commission (ATYC@).  In a single point, J.A.G. argues that his
trial counsel rendered constitutionally ineffective assistance.  We will affirm.

On March
30, 2007, the trial court adjudicated J.A.G. delinquent for the felony offense
of indecency with a child and placed him on probation for two years.  The trial court ordered that J.A.G. attend
sex offender counseling as a condition of probation.








The State
filed a motion to modify disposition in March 2008.  In May 2008, the trial court extended J.A.G.=s
probation for a period not to exceed October 18, 2010, and ordered that J.A.G.
successfully complete the Specialized Treatment for Offenders Program (ASTOP@).  J.A.G. successfully completed STOP in
February 2009 and, thereafter, began counseling in the Professional Associates
Counseling and Consultation (APACC@) center=s
program.  In April 2009, before the
expiration of his probation, the State filed a motion to modify disposition,
alleging that J.A.G. had violated his probation for being unsuccessfully
discharged from sex offender counseling (PACC) in March 2009.

At a
hearing on the State=s motion, the parties stipulated
that J.A.G. had violated his probation due to his unsuccessful discharge from
sex offender counseling.  During the
disposition phase of the hearing, the trial court admitted without objection
Petitioner=s Exhibit 1, which included, among
other things, a social history report and a statement signed by J.A.G.
indicating that since he has been out of STOP, he has had sexual contact with
eight females, has sold marihuana, has sold twenty dollars= worth of
crack cocaine, has bought three ounces of Aweed,@ has held
an SK assault rifle and two handguns, was Ajumped in
with the CRIPS@ at age eleven, and has Abeen with
other CRIPS.@ The trial court found that
J.A.G. had violated the terms and conditions of his probation, and it revoked his
probation and committed him to the TYC for an indeterminate sentence not to
exceed his nineteenth birthday.








In his
only point, J.A.G. argues that his trial counsel was ineffective because
(1) counsel did not object to the admission of Petitioner=s Exhibit
1, which contains a social history report and J.A.G.=s signed
statement that he has had sexual contact with females, purchased drugs, and
handled firearms since completing STOP and (2) counsel did not file a
motion or otherwise request notice of extraneous offenses under rule of
evidence 404(b).  J.A.G. contends that
the signed statement included in Petitioner=s Exhibit
1 identified multiple extrinsic bad acts that were not relevant to the issue
before the trial court of whether he had violated his probation for being
unsuccessfully discharged from sex offender counseling and that he was
prejudiced by the evidence.

To
establish ineffective assistance of counsel, J.A.G. must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington, 466 U.S.
668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett v. State, 65 S.W.3d 59,
62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).








In
evaluating the effectiveness of counsel under the first prong, we look to the
totality of the representation and the particular circumstances of each
case.  Thompson, 9 S.W.3d at
813.  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065.  Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.  Salinas,
163 S.W.3d at 740; Mallett, 65 S.W.3d at 63.  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim. Thompson, 9 S.W.3d at 813B14.  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@  Salinas, 163 S.W.3d at 740 (quoting Mallett,
65 S.W.3d at 63).  To overcome the
presumption of reasonable professional assistance, Aany
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.@  Id. (quoting Thompson, 9 S.W.3d
at 813).  It is not appropriate for an
appellate court to simply infer ineffective assistance based upon unclear
portions of the record.  Mata v. State,
226 S.W.3d 425, 432 (Tex. Crim. App. 2007).








The
second prong of Strickland requires a showing that counsel=s errors
were so serious that they deprived the defendant of a fair trial, i.e., a trial
with a reliable result.  Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 
In other words, appellant must show there is a reasonable probability
that, but for counsel=s unprofessional errors, the
result of the proceeding would have been different.  Id. at 694, 104 S. Ct. at
2068.  A reasonable probability is a
probability sufficient to undermine confidence in the outcome.  Id., 104 S. Ct. at
2068.  The ultimate focus of our inquiry
must be on the fundamental fairness of the proceeding in which the result is
being challenged.  Id. at 697, 104
S. Ct. at 2070.








This case
demonstrates the Ainadequacies inherent in
evaluating ineffective assistance claims on direct appeal.@  Patterson v. State, 46 S.W.3d 294, 306
(Tex. App.CFort Worth 2001, no pet.).  J.A.G. filed a motion for new trial, but he
did not assert that his trial counsel was ineffective.  The trial court did not hold a hearing to
determine whether J.A.G.=s complaints of ineffective
assistance involved actions that may or may not have been grounded in sound
trial strategy, and the record does not reflect counsel=s reasons
for not doing the things of which J.A.G. complains.  Further, we cannot conclude that this is one
of those rare cases in which the challenged conduct was Aso
outrageous that no competent attorney would have engaged in it.@  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 575 S.W.3d 436, 441
(Tex. Crim. App. 2001), cert. denied, 537 U.S. 1195 (2003)); see also
Tex. Fam. Code Ann. ' 54.04(b) (Vernon Supp.
2009) (providing that at the disposition hearing, the juvenile court,
notwithstanding the rules of evidence and chapter 37 of the code of criminal
procedure, may consider written reports from probation officers, professional
court employees, or professional consultants at the disposition hearing); In
re A.F., 895 S.W.2d 481, 484B85 (Tex.
App.CAustin
1995, no writ) (holding that a social history report is not subject to the
strict application of the rules of civil evidence).  In a situation such as this, the issue is
better presented within the framework of a post-conviction writ of habeas corpus.
See Patterson, 46 S.W.3d at 306.

Accordingly,
based on the record before us, in light of the strong presumption of reasonable
professional assistance by defense counsel, and in the absence of any
opportunity for defense counsel to explain his motives for not objecting to
Petitioner=s Exhibit 1 and for not filing a
request for notice of extraneous bad acts, we cannot say that J.A.G. has met
his burden of showing by a preponderance of the evidence that his trial counsel=s
representation fell below the standard of prevailing professional norms.  See Strickland, 466 U.S. at 688B89, 104
S. Ct. at 2065; Goodspeed, 187 S.W.3d at 392; Salinas, 163
S.W.3d at 740.  J.A.G. has thus failed to
satisfy the first prong of the Strickland test.  We overrule J.A.G.=s only
point and affirm the trial court=s
judgment.

 

 

BILL MEIER

JUSTICE

 

PANEL:  GARDNER, WALKER, and
MEIER, JJ.

 

DELIVERED:  April 22, 2010











[1]See Tex. R. App. P. 47.4.